IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3107 |
| | ) | |
| V. | ) | |
| | ) | |
| DAGOBERTO FIGUEROA-CUEVAS, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before me for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody ("§ 2255 motion") filed by Defendant Dagoberto Figueroa-Cuevas.[1] (Filing 111.) The motion will be denied.

### I.   Background

    Following a jury trial, Defendant was convicted of conspiring to distribute and

---

[1] When a § 2255 motion is forwarded to a judge,

> [t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

possess with intent to distribute 500 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and 846. The jury returned a verdict of not guilty on an additional charge of distributing and possessing with intent to distribute methamphetamine. Defendant was sentenced to a term of 204 months in prison, followed by 5 years of supervised release.

In his § 2255 motion, Defendant contends that he received ineffective assistance of counsel because his attorney, Wesley Dodge, allegedly failed to investigate defenses and, consequently, prevented Defendant from weighing the advantages of proceeding to trial versus those of pleading guilty. Essentially, Defendant maintains that Mr. Dodge should have advised him to plead guilty so that he could obtain a sentence reduction through his acceptance of responsibility. *See* U.S.S.G. § 3E1.1. It plainly appears that Defendant's claim is without merit.

## II. Analysis

In order to prevail on a claim of ineffective assistance of counsel, Defendant must show (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). The court need not address both components if the movant makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

Although Defendant makes conclusory allegations in his brief, he has offered no factual support for his claim that he was not informed of the strength of the charges against him or of the potential benefits of pleading guilty. However, even assuming that Defendant was not so advised, Defendant's claim of ineffective assistance of counsel fails. Defendant cannot show that he was prejudiced by his attorney's allegedly deficient performance.

Where an ineffective assistance of counsel claim relates to the absence of a guilty plea, to succeed, a movant "must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded guilty and would [not] have insisted on going to trial." *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995). Other than the self-serving statements contained in his brief, Defendant has offered no evidence that he would have proceeded to trial in the absence of his attorney's supposed professional errors.

Moreover, a defendant who pleads guilty is not automatically entitled to a sentence adjustment for acceptance of responsibility under the Sentencing Guidelines. U.S.S.G. § 3E1.1, Commentary, n. 3 ("A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right."). Thus, Defendant's claim that he would have been granted a reduction in his sentence is highly speculative. Defendant cannot demonstrate that there is a reasonable probability that the result of the proceeding would have been different had his attorney performed appropriately. *See U.S. v. Faubion,* 19 F.3d 226, 229 (5th Cir.1994) (finding that absent a reasonable probability that defendant would have benefitted from an acceptance of responsibility reduction, she was not prejudiced when her counsel advised her to go to trial rather than plead guilty). Additionally, if Defendant had entered a plea, it is doubtful that he would have benefitted from the jury's verdict of not guilty on the second count of the indictment. Because Defendant cannot show he was prejudiced by any alleged professional errors, his claim of ineffective assistance of counsel fails.

Accordingly,

IT IS ORDERED that the motion under 28 U.S.C. § 2255 (filing 111) is denied. A separate judgment will be issued.

December 17, 2009

> BY THE COURT:
> *Richard G. Kopf*
> United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.